Opinion filed May 3, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00330-CR

                                                    __________

 

                        STANLEY
ANTHONY SHOOTES, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 350th District Court

 

                                                            Taylor
County, Texas

 

                                                   Trial
Court Cause No. 09311-D

 



 

                                            M
E M O R A N D U M   O P I N I O N

Stanley
Anthony Shootes appeals his conviction by the court of the offense of
aggravated sexual assault, following his plea of not guilty.  The trial court
assessed his punishment at eleven years in the Texas Department of Criminal
Justice, Institutional Division.  Shootes contends in a sole point of error
that his trial counsel was ineffective in failing to make a bill of exception
and offer of proof in response to the trial court’s sustaining an objection by
the State to a question his trial counsel asked the complaining witness.  We modify
and affirm.

In
order to prevail on this claim, Shootes must first establish that his counsel’s
performance was deficient by showing that his counsel’s representation fell
below the objective standard of professional norms.  Strickland v. Washington,
466 U.S. 668, 687 (1984); Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim.
App. 2002).  Second, he must show that this deficient performance prejudiced
his defense by showing that the error was so serious as to deprive him of a
fair trial, a trial whose result is reliable.  Strickland, 466 U.S. at
687.  This means that Shootes must show a reasonable probability that, but for
his counsel’s unprofessional errors, the result of the proceeding
would have been different.  Bone, 77 S.W.3d at 833.  A reasonable
probability is one sufficient to undermine confidence in the outcome.  Strickland,
466 U.S. at 687.

Appellate review of defense counsel’s representation is highly
deferential and presumes that counsel’s actions fell within the wide range of
reasonable and professional assistance.  Bone, 77 S.W.3d at 833.  Under
normal circumstances, the record on direct appeal will not be sufficient to
show that counsel’s representation was so deficient and so lacking in tactical
or strategic decision making as to overcome the presumption that counsel’s
conduct was reasonable and professional.  Id.  In the case at bar, there
is no evidence as to counsel’s strategy with respect to not making a bill of
exception and offer of proof in order to preserve what the complaining
witness’s testimony would have been.  Consequently, we conclude that the
record in this appeal is inadequate to support Shootes’s contention.  We are
unwilling to assume, as we are urged to do by Shootes, that there could have
been no reasonable trial strategy. We overrule Shootes’s sole point of error.

            The
judgment entered by the trial court reflects that Shootes entered a plea of
guilty to the charged offense.  However, the reporter’s record shows that he
entered a plea of not guilty to the charged offense.  We modify the judgment of
the trial court to reflect that Shootes entered a plea of not guilty to the
charged offense.  As modified, the judgment of the trial court is affirmed.

 

                                                                                                PER
CURIAM

 

May 3, 2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.